IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JEFFREY ROBERT GEORGE,

        Petitioner,

v.                                                                               Civil Action No. 1:07CV147
                                                                               (JUDGE KEELEY)

WARDEN, FCI GILMER,

        Respondent.

## REPORT AND RECOMMENDATION THAT
## PETITION UNDER 28 U.S.C § 2241 BE DENIED

### I. INTRODUCTION

On October 16, 2007, the *pro se* petitioner, Jeffrey Robert George, an inmate at FCI Gilmer, West Virginia, filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 in the United States District Court for the Southern District of West Virginia.[1] The Honorable Mary E. Stanley, United States Magistrate Judge, transferred this action to the United States District Court for the Northern District of West Virginia by Order dated October 30, 2007.[2] By Order dated December 3, 2007, petitioner's application to proceed *in forma pauperis* was granted; however, petitioner was required to pay the $5.00 filing fee.[3]

Determining that summary dismissal was not warranted, an Order to Show Cause was issued against the respondent on December 28, 2007.[4] The respondent filed a Response to Order

---

[1] Docket No. 5-1

[2] Docket No. 5-4

[3] Docket No. 12

[4] Docket No. 16

to Show Cause on January 22, 2008.[5]  On January 29, 2008, the petitioner filed a Reply.[6]

## II. **FACTS**

On July 15, 2004, the petitioner was arrested at his residence in Nitro, West Virginia by local law enforcement. (Doc. 17-2, p. 10). At the time of arrest, local authorities found several firearms, which were turned over to the Bureau of Alcohol Tobacco and Firearms. (Doc. 17-2, p. 2). By this transfer, state authorities relinquished custody to the Bureau of Alcohol Tobacco and Firearms, and petitioner remained in exclusive federal custody. (Doc. 17-2, p. 10).

On August 10, 2004, a grand jury in the Southern District of West Virginia indicted petitioner on federal drug and firearms violations. (Doc. 17-2, p. 2). On October 20, 2004, petitioner was released on bond, but placed on home confinement with electronic monitoring. (Id.).

Petitioner was sentenced on January 21, 2005 to 97 months imprisonment for violating Title 21, United States Code, Section 846, Possession with Intent to Distribute at least 90 Kilograms of Marijuana, and Title 18, United States Code, Section 924(c)(1)(A), Possession of a Firearm in Furtherance of a Drug Trafficking Crime. (Doc. 17-2, Pp. 4-5). Additionally, the Court ordered petitioner to continue on bond and to self-surrender to the United States Marshal for the Southern District of West Virginia no later than 2:00 pm on February 22, 2005. (Id.).

Petitioner's federal sentence commenced February 22, 2005, when he self-surrendered. (Doc. 17-2, p. 6). Petitioner received 98 days prior custody credit beginning July 15, 2004 (date of arrest) and ending October 20, 2004 (date released on bond). (Doc. 17-2, p. 9). Petitioner's

---

[5]Docket No. 17

[6]Docket No. 18

projected release date is November 29, 2011.  (Id.).

## III.  ISSUES PRESENTED

**A.    The Petition**

The petitioner asks the court to "allow the B.O.P." to credit his federal sentence for the time he spent in the regional jail and for time spent on home confinement while on bond.

**B.    Response to Show Cause Order**

The respondent argues that petitioner:

(1)    failed to exhaust his administrative remedies;

(2)    has already been credited for time spent in the regional jail; and

(3)    is not entitled to prior custody credit for time spent on bond.

**C.    Petitioner's Reply**

In his reply, the petitioner maintains that his petition should not be dismissed because:

(1)    he was following his Case Manager's instructions in filing the instant petition, and he did not intend to "go over anyones [sic] head or not follow procedure";

(2)    he is entitled to prior custody credit for time spent on home confinement because the sentencing judge stated that petitioner would likely receive such credit;

(3)    the judge "ruled" that petitioner was to receive prior custody credit for time spent on home confinement; and

(4)    home confinement is official detention.

## IV.  ANALYSIS

**A.    Exhaustion of Administrative Remedies**

Federal prisoners are ordinarily required to exhaust their administrative remedies before

petitioning for a writ of habeas corpus pursuant to § 2241. Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3rd Cir. 1981) (*per curiam*); United States of America v. Mercado, 37 Fed. Appx. 698 (4th Cir. 2002) (unpublished); United States v. Gabor, 905 F.2d 76, 78 n. 2 (5th Cir. 1990); Sanchez v. Miller, 792 F.2d 694, 699 (7th Cir. 1986) cert denied, 479 U.S. 1056 (1987).

The BOP provides a four-step administrative process beginning with attempted informal resolution with prison staff (BP-8). If the prisoner achieves no satisfaction informally, he must file a written complaint with the warden (BP-9), within 20 calendar days of the date of the occurrence on which the complaint is based. If an inmate is not satisfied with the Warden's response, he may appeal to the regional director of the Federal Bureau of Prisons (BP-10) within 20 calendar days of the Warden's response. Finally, if the prisoner has received no satisfaction, he may appeal to the office of the General Counsel (BP-11) within 30 calendar days of the date the Regional Director signed the response. An inmate is not deemed to have exhausted his administrative remedies until he has filed his complaint at all levels. 28 C.F.R. § 542.10-542.15; Gibbs v. Bureau of Prison Office, FCI, 986 F.Supp. 941, 943 (D.Md. 1997).

The petitioner herein did not initiate any formal administrative remedy process with respect to his sentence computation claim before filing his petition under 28 U.S.C. § 2241. (Doc. 17-2, Pp. 2-3). Accordingly, petitioner's motion could be dismissed without prejudice for failure to exhaust administrative remedies.

Nevertheless, petitioner claims that his Case Manager, Mr. Jones, instructed him to write the sentencing judge "a letter and request some thing stating that the BOP could count all of my time in jail as well as on home confinement as time served." (Doc. 18-1, p. 2). Even assuming that petitioner was instructed to write his sentencing judge a letter, the relief petitioner seeks,

4

cannot be granted by this court, as demonstrated in the subsequent sections.

**B.** **Credit for Time Spent at Regional Jail**

Petitioner originally sought prior custody credit for time spent incarcerated in a regional jail, pending resolution of his federal case. (Doc. 5-1). Petitioner received a total of 98 days prior custody credit beginning July 15, 2004 (date of arrest) through October 20, 2004 (date released on bond) for the time he was incarcerated at a regional jail. (Doc. 17-2, p. 9).

In his Reply, petitioner does not contest this computation. Therefore, this is no longer an issue because petitioner has already received the very credit he was seeking.

**C.** **Credit for Time Spent on Home Confinement**

Petitioner fervently argues that he is entitled to prior custody credit for the time he spent on home confinement with electronic monitoring. For support petitioner cites the following exchange between counsel and the sentencing judge at petitioner's sentencing hearing:

> MR. FORBES: Your Honor, I just want to make sure he would get credit for time served in jail and on his home confinement.
>
> THE COURT: Well, the Bureau of Prisons calculates that and he is entitled to, certainly, credit for the time he has already served, but the way it's done in the federal system it's left up to the BOP rather than ordered by the court, but I'm sure he'll get credit for that.

Petitioner then defines the following words for the Court: entitled, certainly, I'm, sure (Doc. 13, p. 2), home confinement, confinement, official, detention, and imprisonment (Doc. 18, Pp. 5-6). Ultimately, petitioner concludes that "I paid for those 4 months on home <u>confinement</u> and I did not have freedom. I served that time, If [sic] Judge Faber could see it why cant [sic] anyone else. [ ] I feel I was officially detained and by the definitions of the words used to describe confinement, I was. . ." (emphasis in original) (Doc. 18, Pp. 7-8).

5

The Attorney General, through the Federal Bureau of Prisons, is responsible for computing federal terms of imprisonment. See United States v. Wilson, 503 U.S. 329 (1992). In making this computation, the BOP must adhere to 18 U.S.C. § 3585(b), which provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences (1) as a result of the offense for which the sentence was imposed or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.

The United States Court of Appeals for the Fourth Circuit has established specifically that "time spent on home confinement with electronic monitoring does not constitute time served in 'official detention' under 18 U.S.C. § 3585(b) (2000)." United States v. Prine, 2006 WL 392067 at *1 (C.A.4 (W.Va.)), citing Randall v. Whelan, 938 F.2d 522, 524 (4th Cir. 1991), and United States v. Insley, 927 F.2d 185, 186 (4th Cir. 1991).

Accordingly, petitioner is not entitled to prior custody credit for time spent on home confinement with electronic monitoring.

## V. RECOMMENDATION

Based on the foregoing, the undersigned recommends that petitioner's § 2241 be **DENIED AND DISMISSED WITH PREJUDICE.**

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such

Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last know address as shown on the docket sheet. The Clerk of the Court is further directed to provide a copy of this Report and Recommendation to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Filing in the United States District Court.

DATED: July 17, 2008

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE